UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON R. HAYNES, JR., <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN ALLISON, et al., <br><br> Defendants. | Case No. ED CV 19-1276-DMG (JC) <br><br> MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I. BACKGROUND AND SUMMARY

On July 11, 2019, plaintiff Clifton R. Haynes, Jr., who was then in custody at the North Kern State Prison, is proceeding *pro se*, and has been granted leave to proceed without prepayment of the filing fee, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against Kathleen Allison, Director of the Adult Division for the California Department of Corrections and Rehabilitation, in her individual and official capacities, as well as unspecified "Does, et al." Plaintiff's current address of record ("Address of Record") is reflected on the first page of the Complaint.

Also on July 11, 2019, the Clerk sent a "Notice of Judge Assignment and Reference to a United States Magistrate Judge" ("Notice") to plaintiff at his Address of Record. The Notice expressly advised plaintiff that he was required to

notify the Court within five (5) days of any address change, and that if mail directed by the Clerk to his Address of Record was returned undelivered by the Post Office, and if the Court was not timely notified thereafter of his current address, the Court may dismiss the matter for want of prosecution.  The Notice was sent to plaintiff at his Address of record, has not been returned, and is presumed to have been delivered to plaintiff.

On July 17, 2019, the Magistrate Judge issued an Initial Order Re: Pro Se Civil Rights Cases ("July Order") which, among other things, advised plaintiff that, "[a]s long as this action is pending, plaintiff must immediately notify the Court and defense counsel if his/her address changes and promptly provide the Court with the new address and its effective date." (July Order at 2, ¶ 3).  The July Order further cautioned plaintiff that "[a]ny failure by plaintiff to provide the Court and defendants with plaintiff's current address, may result in a dismissal of the case for want of prosecution." (July Order at 2-3, ¶ 3) (citing Local Rule 41-6).  The July Order was sent to plaintiff at his Address of Record, has not been returned, and is presumed to have been delivered to plaintiff.

On March 10, 2020, the Magistrate Judge issued an order ("March Order") in which she screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A and 42 U.S.C. § 1997e(c), identified multiple deficiencies therein, dismissed the Complaint with leave to amend, and directed plaintiff, within 14 days, to either file a first amended complaint which cures the pleading defects identified in the March Order, a notice of dismissal, or a notice of intent to stand on Complaint.  The March Order was sent to plaintiff at his Address of Record.  On April 16, 2020, the March Order that was sent to plaintiff was returned as undeliverable, with a notation that plaintiff was "not in database."  To date, plaintiff has failed to notify the Court of his new/updated address.

As discussed below, this action is dismissed due to plaintiff's failure to keep the Court apprised of his correct address, which amounts to a failure to prosecute.

## II. DISCUSSION

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times. Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In the instant case, more than fifteen (15) days have passed since the March Order was served upon plaintiff and returned undelivered by the Postal Service. As noted above, to date, plaintiff has not notified the Court of his new address.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

///

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the Court of his correct address. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal of action for lack of prosecution pursuant to local rule which permitted such dismissal when pro se plaintiff failed to keep court apprised of correct address; "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with plaintiff based on his failure to keep the Court apprised of his current address, no lesser sanction is feasible. See Musallam v. United States Immigration Service, 2006 WL 1071970 (E.D. Cal. Apr. 24, 2006).

### III.  ORDER

IT IS THEREFORE ORDERED that this action is dismissed without prejudice for want of prosecution based upon plaintiff's failure to keep the Court apprised of his current address.

IT IS SO ORDERED.

DATED: September 16, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE